[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Service was made on the defendant, Cumberland Mutual Fire CT Page 11475 Insurance Company (Cumberland), by service on the Commissioner of Insurance. Cumberland has filed a motion to quash the writ to set aside the service pursuant to the provisions of General Statutes, § 38a-27(c) which provides that:
 Nothing in subsection (a) of this section shall be construed to prevent an unauthorized person or insurer from filing a motion to quash a writ or to set aside service thereof made as provided in section 38a-25, section 38a-26 or section 38a-273
on the ground that the person or insurer served has not done any of the acts enumerated in subsection (a) of section 38a-271.
Cumberland filed exhibits and a memorandum of law in support of its claim that it is not subject to suite in the State of Connecticut because it does not do any business in the state.
In a complaint filed on September 29, 1992, the plaintiff alleged that Cumberland failed to pay a judgment rendered against Sean Garvey who was a covered person under a homeowner's policy issued by Cumberland to Garvey's grandparents, Patsy and Freida Farino. On September 16, 1992, service of process was made upon Robert R. Googins, Insurance Commissioner of the State of Connecticut pursuant to General Statutes, § 38a-25(a)(7). The complaint further alleges that the plaintiff is and, at all relevant times, was a resident of the State of Connecticut and that the defendant is and, at all relevant times, was a foreign corporation with its principal place of business in New Jersey. Sean Garvey was, al all relevant times, residing in Connecticut and was a member of the Farino household.
The Farinos purchased liability insurance from Cumberland which, among other things, provided coverage for the acts of household members. On March 8, 1990, the plaintiff was an invitee on the premises at Stone College and was injured thereon as a result of the actions of Sean Garvey. The plaintiff brought an action against Garvey for those injuries and, on March 26, 1992, recovered a judgment in the amount of $190,000.00 in damages and $296.80 in costs. No appeal was taken after the judgment was entered nor was the judgment paid.
When the plaintiff's claim was made, Cumberland hired Lee Norcross or Mid Atlantic to conduct an investigation of the alleged incident and in the course of his investigation, Norcross communicated, both by telephone and correspondence with counsel for the plaintiff. The investigation of a claim or loss CT Page 11476 constitutes conducting insurance business pursuant to the applicable provisions of § 38a-271(a)(6), General Statutes. Accordingly, the insurance commissioner was authorized, pursuant to the provisions of § 38a-25, General Statutes, to accept service of process on behalf of Cumberland.
The defendant's motion to quash is denied.
BY THE COURT:
LEANDER C. GRAY, JUDGE